**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ULISH BOOKER, Jr.,<br>*Appellant*,<br><br>v.<br><br>Notice<br>U.S. TRUSTEE,<br><br>U.S. BANK, N.A.,<br>*Appellee*,<br><br>ROBERTA NAPOLITANO,<br>*Interested Party*. | No. 3:20-cv-00561 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS BANKRUPTCY APPEAL**

Ulish Booker, Jr. ("Debtor" or "Appellant") filed for bankruptcy under Chapter 13 of 11 U.S.C. §§ 101 *et seq*. ("Chapter 13"). After the Bankruptcy Court overruled Mr. Booker's objection to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Trust's ("U.S. Bank" or "Appellee") Proof of Claim, he moved for reconsideration and the Bankruptcy Court denied his motions for reconsideration. *See In re Booker*, 19-30787, ECF No. 149 (Mar. 19, 2020) ("Reconsideration Order").

This appeal, filed *pro se*, raises whether the Bankruptcy Court (1) "erred by allowing fraudulent documents and claims[] to be entered and accepted as Proof of Claim;" (2) "err[ed] by ignoring that the Memorandum of Decision was discharged debt;" (3)"abused its power by allowing voided claims/documents to be considered as evidence without affidavits during evidentiary trial;" (4) "err[ed] in allowing a Superior [C]ourt ruling to be entered as evidence;" (5) erred by "allow[ing] assignments to be entered into the case;" (6) erred by "allow[ing] and accept[ing] the very first assignment;" (7) "erred by allowing a Superior [C]ourt ruling to be

utilized when the Superior [C]ourt lacked subject matter jurisdiction;" and (8) "erred by allowing the party making the claim to utilize and enter falsified evidence [of] a proper assignment." *See* Appellant Brief, ECF No. 12 (Sept. 15, 2020).

U.S. Bank now moves to dismiss the appeal on the grounds that the appeal is moot due to the dismissal of the underlying bankruptcy case. *See* Mot. to Dismiss, ECF No. 13 (Oct. 13, 2020).

For the reasons discussed below, U.S. Bank's motion to dismiss is **GRANTED**; Mr. Booker's motion for the Court to take judicial notice is **DENIED as moot**; and the case will be closed.

## I. BACKGROUND

On May 14, 2019, Mr. Booker filed a voluntary petition for relief under Chapter 13. *In re Booker*, No. 19-30787, ECF No. 1 (May 14, 2019).

That same day, the Bankruptcy Court issued a deficiency notice regarding Mr. Booker's failure to file several required documents with his petition. *Id.*, ECF No. 3 (May 14, 2019). The Bankruptcy Court dismissed the case due to these deficiencies and closed the case. *Id.*, ECF Nos. 5, 6 (May 14, 2019).

On May 20, 2019, Mr. Booker moved to reopen the case. *Id.*, ECF No. 10 (May 20, 2019). That same day, the Bankruptcy Court issued another deficiency notice regarding this motion. *Id.*, ECF No. 11 (May 20, 2019).

On May 21, 2019, Mr. Booker filed an amended motion to reopen. *Id.*, ECF No. 13 (May 21, 2019).

On June 19, 2019, the Bankruptcy Court held a hearing and granted Mr. Booker's amended motion to reopen. *Id.*, ECF Nos. 23, 24 (June 19, 2019).

On July 18, 2019, U.S. Bank "filed a Proof of Claim evidencing a total debt owed by the Debtor in the amount of $241,533.80 secured by a mortgage on the real property known as 9 Sanford Street, West Haven, Connecticut and recorded on the West Haven Land Records." Mot. to Dismiss at 2.

On August 16, 2019, Mr. Booker filed an objection to U.S. Bank's Proof of Claim. *In re Booker*, No. 19-30787, ECF No. 65 (Aug. 16, 2019).

On September 2, 2019, Trustee Napolitano filed a motion to dismiss the Chapter 13 case. *Id.*, ECF No. 67 (Sept. 2, 2019).

On September 16, 2019, U.S. Bank filed a response to Mr. Booker's objection. *Id.*, ECF No. 73 (Sept. 16, 2019).

On January 30, 2020, the Bankruptcy Court issued a Memorandum of Decision and Order, overruling Mr. Booker's objection to U.S. Bank's Proof of Claim. *Id.*, ECF No. 120 (Jan. 30, 2020) ("Order Overruling Obj. to Proof of Claim").

On February 13, 2020, Mr. Booker filed an "Objection to Judges Order Overruling 410 Proof of Claim." *Id.*, ECF No. 128 (Feb. 13, 2020).

On February 26, 2020, the Bankruptcy Court issued a Memorandum of Decision and Order, denying Mr. Booker's February 13, 2020 objection, which the Bankruptcy Court characterized as a motion for reconsideration. *Id.*, ECF No. 131 (Feb. 26, 2020).

On March 9, 2020, Mr. Booker filed two motions for reconsideration of the Bankruptcy Court's February 26, 2020 Order. *Id.*, ECF Nos. 137, 138 (Mar. 9, 2020).

On March 17, 2020, U.S. Bank objected to Mr. Booker's motions for reconsideration. *Id.*, ECF No. 147 (Mar. 17, 2020).

On March 19, 2020, the Bankruptcy Court issued an order denying Mr. Booker's motions for reconsideration. *Id.*, ECF No. 149 (Mar. 19, 2020) ("Order Denying Motions for Reconsideration").

On April 2, 2020, the Bankruptcy Court held a hearing and, based on statements made by Mr. Booker at the hearing, issued an order granting Mr. Booker a twenty-one (21) day extension of time to file a notice of appeal of the Court's Order Denying Motions for Reconsideration. *Id.*, ECF No. 163 (Apr. 2, 2020) ("Order Extending Time").

That same day, the Bankruptcy Court granted Trustee Napolitano's motion to dismiss. *Id.*, ECF No. 164 (Apr. 2, 2020) ("Order of Dismissal").

On April 23, 2020, Mr. Booker filed a Notice of Appeal, appealing the Bankruptcy Court's Order denying his motions for reconsideration. *Id.*, ECF No. 171 (Mar. 17, 2020).

On April 27, 2020, Mr. Booker's Notice of Appeal was docketed in this case. Notice of Appeal, ECF No. 1 (Apr. 27, 2020).

On June 15, 2020, Mr. Booker moved for an extension of time to file his appellant brief. Mot. for Extension of Time to File Appellant Brief, ECF No. 11 (June 15, 2020).

On June 19, 2020, the Court granted Mr. Booker an extension of time until September 4, 2020. Order, ECF No. 11 (June 19, 2020).

On September 15, 2020, Mr. Booker filed his brief. Appellant Brief.

On October 13, 2020, U.S. Bank moved to dismiss the appeal. Mot. to Dismiss.

On October 15, 2020, U.S. Bank filed its brief. Appellee's Brief, ECF No. 14 (Oct. 15, 2020).

On November 2, 2020, Mr. Booker filed a response to U.S. Bank's motion to dismiss. Appellant's Resp. in Opp'n to U.S. Bank Nat'l. Assoc. As Legal Title Trustee for Truman 2016 Title Trust's Mot. Dismiss, ECF No. 20 (Nov. 2, 2020) ("Resp. to Mot. to Dismiss").

On December 7, 2020, Mr. Booker filed a motion for the Court to take judicial notice. Mot. for Court to Take Judicial Notice, ECF No. 23 (Dec.7, 2020).

On January 4, 2021, Mr. Booker filed his reply brief. Appellant Reply Brief, ECF No. 24 (Jan. 4, 2021) ("Appellant Reply").

## II. STANDARD OF REVIEW

A district court has jurisdiction to review final judgments, orders, and decrees made by the bankruptcy courts. 28 U.S.C. § 158(a)(1). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns*, 691 F.3d 476, 482–83 (2d Cir. 2012); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo." (internal quotation marks omitted)). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Guadalupe*, 365 B.R. 17, 19 (D. Conn. 2007) (internal quotation marks omitted).

A court must liberally construe any *pro se* filing to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, "a *pro se* plaintiff is not exempt from complying with court

orders and must diligently prosecute his case." *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017). *Pro se* litigants also are "required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

## III. DISCUSSION

The Court will first consider U.S. Bank's motion to dismiss and then proceed to the merits of the appeal.

### A. Motion to Dismiss

In considering dismissal, a court "should exercise its discretion given the factual circumstances of a particular case," and "should endeavor to explain why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006).

"Mootness has two aspects in the context of a bankruptcy appeal." *In re Loral Space & Commc'ns, Ltd.*, 342 B.R. 132, 137 (S.D.N.Y. 2006). "First, Article III of the Constitution requires that there be a live case or controversy so that the court can grant effective relief." *Id.* (citing *In re Best Prods. Co.*, 68 F.3d 26, 29-30 (2d Cir.1995); *In re Chateaugay Corp.*, 10 F.3d 944, 952 (2d Cir. 1993) ("*Chateaugay II*"); *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) ("*Chateaugay I*")). "Article III requires that '[when] an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed.'" *In re Best Prod. Co., Inc.*, 68 F.3d 26, 30 (2d

Cir. 1995) (quoting *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted)).

"Second, equitable considerations provide that even if the court could conceivably fashion relief, the appeal should be dismissed as moot if implementation of that relief would be inequitable." *Loral Space,* 342 B.R. at 137 (citing *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 143 (2d Cir. 2005); *In re Best Prods. Co., Inc.* , 68 F.3d 26, 30 (2d Cir. 1995); *Chateaugay I,* 988 F.2d at 325). "These principles are 'especially pertinent' in the bankruptcy context, 'where the ability to achieve finality is essential to the fashioning of effective remedies.'" *Id.* (quoting *Chateaugay I,* 988 F.2d at 325).

U.S. Bank argues that the Court "is without subject matter jurisdiction to hear and decide the appeal as the appeal of the Bankruptcy Court's order denying Debtor's [m]otion for [r]econsideration is moot due to the dismissal of the underlying bankruptcy case." Mot. to Dismiss at 4. U.S. Bank contends that "[w]hen a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot." *Id.* at 5 (citing *Moss v. 245 E. 25th Realty Corp.*, No. 02 CIV. 7555 (SHS), 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003)). In U.S. Bank's view, "[t]he underlying bankruptcy case was dismissed and the Debtor did not appeal said dismissal[,] rendering this appeal moot," *id.*, and "[t]he dismissal of the underlying bankruptcy case makes it impossible for the Court to 'grant any effectual relief'" as required by Article III, *id.* (quoting *Chateaugay II*, 10 F. 3d at 949).

In his response, Mr. Booker argues that U.S. Bank "is attempting to misinform and misrepresent the facts of a decision by a Federal Bankruptcy Judge." Resp. to Mot. to Dismiss at

1.[1] Mr. Booker contends that he was "lead by the order of the [B]ankruptcy [C]ourt to believe he had 21 Days to file a[n] appeal to the district court." *Id.* at 2. He argues that the Bankruptcy Court "cleared all doubt on issues by its decision on Apr[il] 2, 2020 by the granting of the extension of time to file the appeal" and U.S. Bank did not object. *Id.*

Mr. Booker contends that U.S. Bank has "submitted [two] invalid mortgages and notes and is attempting to unjustly enrich them[selves]." *Id.* He argues that the motion to dismiss is "unsupported by affidavits or depositions" and "is incomplete because it requests th[e] Court to consider facts outside the record." *Id.* at 3. Mr. Booker concludes that U.S. Bank "is attempting to use . . . familiar tactics of misinformation, misdirection[,] and fraudulent practices. *Id.*

The Court disagrees.

Under 11 U.S.C. § 1307, a bankruptcy court may dismiss a case for cause, including but not limited to one of the eleven reasons enumerated in § 1307(c). In the underlying bankruptcy case, the Bankruptcy Court dismissed Mr. Booker's Chapter 13 case without prejudice under 11 U.S.C. § 1307(c). Order of Dismissal. This dismissal was issued after notice was given and a hearing was held on April 2, 2020. *Id.* Mr. Booker participated in that hearing by telephone. *Id.*

Under Federal Rule of Bankruptcy Procedure 8002, Mr. Booker had fourteen days to file a notice of appeal, appealing the dismissal of his case. Fed. R. Bankr. P. 8002(a). Alternatively, motion practice in the Bankruptcy Court follows the Local Rules of the District Court, *see* D. Conn. L. Bankr. R. 7007-1, giving Mr. Booker seven days from the issuing of the dismissal order to file for reconsideration, *see* D. Conn. L. Civ. R. 7(c). Mr. Booker took neither action.

[1] The Court notes that Mr. Booker's response to U.S. Bank's motion to dismiss is untimely. *See* Fed. R. Bankr. P. 8013(a)(3)(a) ("[A]ny party to the appeal may file a response to the motion within 7 days after service of the motion."). Although "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them," *see Edwards*, 59 F.3d at 8, the Court will consider Mr. Booker's response given the "special solicitude" afforded to *pro se* litigants, *Ruotolo*, 28 F.3d at 8.

Mr. Booker seems to argue that the Bankruptcy Court extending his time to file a notice of appeal is relevant to the order of dismissal. *See* Resp. to Mot. to Dismiss at 2. The Bankruptcy Court, however, explicitly stated that extension was limited to the appeal of the Order Denying Motions for Reconsideration. *See* Order Extending Time at 2 ("[T]he deadline is extended by twenty-one (21) days after the expiration of the original deadline to file a notice of appeal of [the Order Denying Motions for Reconsideration] ECF No. 149. To the extent the Debtor . . . sought other relief, the requests are denied."). The Bankruptcy Court's granting of an extension of time thus did not impact the Bankruptcy Court's order dismissing the case.

Article III "requires that there be a live case or controversy so that the court can grant effective relief." *Loral Space*, 342 B.R. at 137. The appeal for this Court concerns the validity of the Bankruptcy Court's denial of Mr. Booker's motions for reconsideration. *See* Notice of Appeal. Even if the Court were to vacate the Bankruptcy Court's denial of reconsideration, the relief would not be effective because there is no longer an active underlying bankruptcy case. Without the possibility of effective relief, this appeal is moot and must be dismissed. *See In re Best Prod. Co., Inc.*, 68 F.3d at 30 ("Article III requires that when an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." (internal quotation marks and alterations omitted)); *see also Moss*, 2003 WL 256780, at *2 ("When a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot.").

Accordingly, the Court will grant U.S. Bank's motion to dismiss.

**B. Merits of the Appeal**

In addition to being moot, Mr. Booker's appeal also fails on the merits.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)). "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. The Local Rules of this District similarly provide that "[s]uch motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. Rule 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions.").

Mr. Booker contends he "objected to the [Proof of Claim] on [August 16, 2019] for lack of standing." Appellant Brief at 5. He alleges that he "had been attempting to get a Chapter 13 plan approved, and [U.S.] Bank and the trustee continually found fault with every plan [he] came up with." *Id.* Mr. Booker argues that "the main issues" related to his objection of U.S. Bank's Proof of Claim and the Bankruptcy Court's Order Denying Motions for Reconsideration "were that the foreclosing entities never proved they had a secured interest in the property." *Id.* at 6. He maintains that U.S. Bank "perpetuated a fraud upon the real property records, and upon the Superior [C]ourt in order for the Superior [C]ourt to make the determination that they had standing to foreclose." *Id.* Mr. Booker argues that "having shown the [B]ankruptcy [C]ourt[] the

truth being the fictional documents and stories," the Bankruptcy Court "should have called [into] question . . . the Superior Court, and the ruling [it] made." *Id.*

U.S. Bank first argues that "[t]he Debtor's brief is inadequate and fails to adequately address any of the issues on appeal." Appellee's Brief at 5 (emphasis omitted). Specifically, "[t]he Debtor largely ignores the issue that is the subject of this appeal, namely the Bankruptcy Court's denial of the Motion for Reconsideration." *Id.* at 6. U.S. Bank then reiterates its arguments from its motion to dismiss related to mootness. *Id.* at 7. Finally, U.S. Bank contends "[t]he Bankruptcy Court did not abuse her discretion in denying the Debtor's motion for reconsideration." *Id.* (emphasis omitted). U.S. Bank argues "[t]he Debtor's Brief fails to identify an intervening change of controlling law, new evidence, or a need to correct a clear error of prevent manifest injustice." *Id.* at 9-10.

Mr. Booker replies that "Appellee is intent on having the [a]ppeal dismissed for technicalities[] rather than on the merits of the brief" and "faile[s] to respond to several very important issues." Appellant Reply at 1. Mr. Booker argues that the *Rooker-Feldman* doctrine[2] does not apply and that U.S. Bank lacks standing because "when they hold no interest and cannot be injured by lack of payments means they lack the ability to foreclose." *Id.* at 3 (emphasis omitted). Mr. Booker also reiterates his claims of fraud, *id.* at 5-8.

The Court disagrees with Mr. Booker.

For this Court to vacate the Bankruptcy Court's Order Denying Motions for Reconsideration, it would need to find the Bankruptcy Court overlooked "controlling decisions

[2] "The *Rooker-Feldman* doctrine is named for two Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)." *Sung Cho v. City of N.Y.*, 910 F.3d 639, 644 (2d Cir. 2018). The doctrine "establishes 'the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.'" *Edwards v. McMillen Capital, LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (quoting *Sung Cho*, 910 F.3d at 644). Under the doctrine, "cases that function as *de facto* appeals of state-court judgments are therefore jurisdictionally barred." *Sung Cho*, 910 F.3d at 644.

or data . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. Yet, Mr. Booker has not presented to this Court any evidence of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255 (internal quotation marks omitted). Indeed, the Bankruptcy Court considered and rejected Mr. Booker's argument about the inapplicability of the *Rooker-Feldman* doctrine because "the judgment was obtained by fraud." *In re Booker*, 19-30787, No. 120 at 10-11 (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (*per curiam*) ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [that] claim.")).

Nor is there any indication that he presented any such evidence when he filed his motions of reconsideration with the Bankruptcy Court. Even accepting the legitimacy of Mr. Booker's claims, they would still fail under the reconsideration standard because he does not present "newly discovered evidence" that was not available to him when he first objected to the U.S. Bank's Proof of Claim. *Virgin Atl. Airways,* 956 F.2d at 1255.

Accordingly, while this appeal will be dismissed for mootness, the Court also would affirm the Bankruptcy Court's denial of Mr. Booker's motions for reconsideration because he failed to meet the standard for reconsideration. *See* D. Conn. L. Civ. Rule 7(c) ("[M]otions [for reconsideration] will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order."); *Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

## IV. CONCLUSION

For the reasons discussed above, U.S. Bank's motion to dismiss is **GRANTED**. Mr. Booker's motion for court to take judicial notice is **DENIED as moot**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of March, 2021.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE